UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUILLON EDWARD CLEMONS,

    Petitioner,

v.

TACOMA MUNICIPAL COURT,

    Respondent.

Case No. C11-5397BHS/JRC

ORDER TO FILE AN AMENDED PETITION

The petitioner in this action is seeking habeas corpus relief from a state conviction. Thus, the petition is properly considered pursuant to 28 U.S.C. § 2254.

The petition has two defects. The first defect is the named respondent. Petitioner has named the Tacoma Municipal Court as the respondent. A proper respondent is "the person having custody of the person detained." 28 U.S.C. § 2243. This person typically is the superintendent of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

ORDER - 1

The second defect is that petitioner does not show he has exhausted his available state remedies. A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue, this court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the state; or
>
> (B) (i) there is an absence of available state corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (*citing* Picard, 404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan, 513 U.S. at 365-66 (*citing* Picard, 404 U.S. at 275 *and* Anderson v. Harless, 459 U.S. 4 (1982)). The petitioner must present the claims to the state's highest court, even if such review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845

ORDER - 2

(1999); Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 USCA § 2254(c).

Although respondent can waive the exhaustion defense, respondent must do so explicitly. 28 U.S.C. § 2254 (b)(3). Here, respondent has not explicitly waived the exhaustion defense.

Petitioner is directed to file an amended petition on the form provided by the court curing, if possible, these two defects. The amended petition will act as a complete substitute for the original. The amended petition will be due on or before **July 22, 2011**. Failure to comply with this order will result in a Report and Recommendation that this action be dismissed

The Clerk is directed to mail a copy of this Order to petitioner and note the **July 22, 2011**, deadline on the court's calendar.

Dated this 13th day of June, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3