UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUILLON EDWARD CLEMONS,

Petitioner,

v.

PAUL PASTOR PIERCE COUNTY SHERRIFF.

Respondent.

CASE NO. 11-5397BHS

REPORT AND RECOMMENDATION

NOTED FOR: SEPTEMBER 16, 2011

This habeas corpus petition filed pursuant to 28 U.S.C. § 2254 has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 3 and MJR 4.

Petitioner has filed an amended petition (ECF No. 9). After review of the amended petition the court recommends this petition be dismissed with prejudice as unexhausted and time barred.

Petitioner is challenging six misdemeanor convictions from Pierce County Municipal Court (ECF No. 9, page 1). The Municipal Court sentenced petitioner on February 5, 2008 (ECF

No. 9, page 17). He was sentenced to six consecutive terms of 350 days. Petitioner alleges he sought review of his convictions in Pierce County Superior Court, but he does not provide any record to support his claim. Petitioner does provide an undated letter from the Pierce Superior Court Clerk's Office telling him he needs to submit "a separate set of original papers for each case number." (ECF No. 9, page 16, (undated letter from Pierce County Clerk's Office)). There is nothing on the document to show what case number it relates to or when it was received. There is no written decision reviewing any of the convictions.

The court has searched the Pierce County Superior Records for Clemons, Quillon. The record shows three criminal cause numbers, none of which match any of the cause numbers challenged in this petition.

Petitioner argues his case is not time barred because his sentence allegedly violates his constitutional rights (ECF No. 9, page 13). He argues that because he attempted to exhaust his claims in state court this court may now hear the claims because circumstances render the state process ineffective (ECF No. 9, page 13). Petitioner is in error.

## **EVIDENTIARY HEARING NOT REQUIRED**

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no

reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of

a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A.  *Exhaustion*.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue, the court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the state; or
>
> (B)(i) there is an absence of available state corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

Petitioner must have exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all

the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, at 365-66 (*citing* Picard, 404 U.S. at 275 *and* Anderson v. Harless, 459 U.S. 4 (1982)).

The court ordered petitioner to file an amended petition that named a proper respondent and addressed the issue of exhaustion (ECF No. 6). Thus, petitioner has had an opportunity to show that the issues in the petition have been exhausted.

There is nothing in the record to show that any claim has been exhausted. While petitioner claims that he attempted to seek review in Superior Court, nothing in the record supports that claim. The court would normally dismiss an unexhausted petition without prejudice, but here, the claims are now time barred.

B.  *Statue of Limitations*.

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on which the state court judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review. Ordinarily, this is when the U.S. Supreme Court disposes of the case on a direct appeal from the person's state court conviction, or, if there has been no application to the Supreme Court for certiorari, 90 days from the final judgment of the highest state court on the direct appeal. Here however, the date is thirty days after sentencing as no review occurred. Sentencing occurred February 5, 2008. The decision became final by March 8, 2008 at the latest. Petitioner had until March 8, 2009 to file this petition. Petitioner filed his habeas action May 25, 2011. This petition is over two years time barred. Petitioner has not shown that statutory tolling or equitable tolling apply. This petition should be dismissed with prejudice.

## **CERTIFICATE OF APPEALABILITY**

A petitioner seeking relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c) (3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also

Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. <u>See</u>, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 16, 2011 as noted in the caption.

Dated this 22nd day of August, 2011.

J. Richard Creatura
United States Magistrate Judge